NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 08-4004

———

OSAMA ELDEEB,
                    Appellant

v.

ALLIEDBARTON SECURITY SERVICES, L.L.C.;
IMS HEALTH, INC.; VERA ADAMEK

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-07-cv-00669)
District Judge: Hon. Michael M. Baylson

———

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2010

Before: SLOVITER, BARRY and SMITH, Circuit Judges

Filed: September 16, 2010

———

OPINION

SLOVITER, *Circuit Judge*.

In this employment discrimination case, Osama Eldeeb ("Eldeeb") appeals the District Court's grant of summary judgment in favor of AlliedBarton Security Services, LLC ("AlliedBarton"), IMS Health, Inc. ("IMS"), and Vera Adamek ("Adamek"). We will affirm.[1]

Eldeeb was born in Egypt and practices the Islamic faith. AlliedBarton is a contract security company that provides security services and personnel to the IMS building in Plymouth Meeting, Pennsylvania. In 2003, AlliedBarton hired Eldeeb to work as a security officer at the IMS building.

In January 2004, Eldeeb was introduced to Adamek, an IMS employee. Upon learning that Eldeeb's first name was "Osama," Adamek said, "[t]hat's [a] very bad name" and "I think you have to change [it]," App. at 546, because the name is shared by al-Qaeda leader Osama bin Laden. Eldeeb's supervisor heard the comment and perceived that Eldeeb was upset, but he considered the situation resolved after he asked Adamek to be more sensitive and told Eldeeb that Adamek meant no offense.

Over the next six months, Eldeeb encountered Adamek in passing ten to twenty more times. During each encounter, Adamek said Eldeeb's first name and nodded affirmatively. On July 19, 2004, Adamek introduced Eldeeb to her son as "you['re]

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291.

Sad[d]am," but then corrected herself, "Oh, no, you're Osama." App. at 553. Eldeeb complained to IMS, perceiving that Adamek's introduction was a reference to former Iraqi president Saddam Hussein, and a human resources coordinator from AlliedBarton investigated.

On July 22, 2004, the next day Eldeeb worked, Troy Martzell, AlliedBarton's Human Resources Coordinator,[2] asked Eldeeb what had happened and asked if he wanted to be transferred to a different post. Eldeeb agreed he could accept another location. The next day, Rocky Owens of AlliedBarton told Eldeeb that "we are with you" and "we [are] working to find [an]other place for you." App. at 561.

On Monday, July 26, the facility manager at the IMS building – an employee of C.B. Richard Ellis, Inc., a property management company that is not a party to this action – reported to AlliedBarton that Eldeeb was "sitting on the tailgate of his vehicle [over the weekend shift] for approximately 2-3 hours each day" instead of "continually patrolling the building." App. at 518. The facility manager asked AlliedBarton to remove Eldeeb from his post at the IMS building. The facility manager was authorized to make such a request under the management agreement with IMS, and there were four to six "other occasions where [he] . . . requested that an [AlliedBarton] employee be removed from the IMS . . . account for performance-related reasons." App. at 131.

---

[2]  The record and the parties' briefs contain different spellings of Martzell's last name. We use the spelling from his January 9, 2008 deposition.

On July 29, Martzell told Eldeeb that he had been removed because of the facility manager's report. However, Owens also told Eldeeb that "[w]e are going to work with you and find you another site and soon we will find something." App. at 565. Owens told him that "[a]s soon as we find something, we will call you." App. at 565. AlliedBarton representatives "never said" that Eldeeb was fired. App. at 566-67.

The next day, July 30, an AlliedBarton representative called Eldeeb on his cell phone and left a message offering a part-time position "until something else became available that was full-time." App. at 654. Eldeeb did not return the call or otherwise respond to AlliedBarton's offer. Instead, Eldeeb filed a charge with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission alleging retaliation and discrimination based on national origin and religion.

Eldeeb's manager at AlliedBarton did not know about the charge and continued trying to find Eldeeb another position. A few weeks after Eldeeb filed the charge, AlliedBarton offered Eldeeb a full-time position that paid a higher wage than he earned at the IMS facility and that accommodated Eldeeb's request to have Fridays off. Eldeeb did not respond to this offer, either.

In February 2007, after exhausting his administrative remedies, Eldeeb filed a complaint in the United States District Court for the Eastern District of Pennsylvania against AlliedBarton, IMS, and Adamek, alleging a hostile work environment, unlawful termination, retaliation, and constructive discharge based on his religion and national

4

origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(c) ("Title VII"), and similar provisions of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951-963.

The District Court granted summary judgment in favor of AlliedBarton, IMS, and Adamek. With respect to AlliedBarton, the District Court concluded that (1) Adamek's conduct in saying Eldeeb's name "in a demeaning way" and making a mis-introduction on a single occasion was not "severe" or "pervasive" for purposes of a hostile work environment claim, App. at 12-13; (2) Eldeeb showed no adverse action for purposes of his unlawful termination and retaliation claims because "[n]o one ever told [him] he was terminated," App. at 14, and, on the contrary, AlliedBarton offered him other jobs; and (3) the working conditions were not "so unpleasant or difficult that a reasonable person in [Eldeeb]'s shoes would resign" for purposes of a constructive discharge claim, App. at 15 (quoting *Goss v. Exxon Office Sys. Co.*, 747 F.2d 885, 888 (3d Cir. 1984)).

With respect to IMS and Adamek, the District Court concluded that they were entitled to summary judgment because they were not Eldeeb's "employer" under Title VII and the PHRA, and because there was no underlying PHRA violation on which to ground an aiding and abetting claim under 43 P.S. § 955(e).

Our standard of review over the District Court's grant of summary judgment is plenary. *See McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005). Although Eldeeb argues that "[t]he District Court ignored numerous genuine issues of material fact,"

5

Appellant's Br. at 21, he does not clearly articulate what those issues are because his brief lacks appropriate citation to the record.[3] We have conducted our own independent examination and find that summary judgment was proper for the reasons stated by the District Court. The District Court aptly noted that "[t]his may have been a different case if [Eldeeb] had been called 'Osama' while at work and it was not his given name." App. at 13. Here, however, "Osama" was Eldeeb's given name.

Eldeeb argues that "building security cameras would reveal that he had performed his duties as required" and states that "there is some evidence to suggest" that those tapes "may have been destroyed," thus showing pretext. Appellant's Br. at 12. The "evidence" on which Eldeeb relies is a page of his summary judgment memorandum of law that itself contains no citation to record evidence.[4] What the record does contain is an affidavit from an AlliedBarton manager stating that "[t]here was no . . . monitoring, electronic or otherwise . . . , which would have confirmed or denied whether Mr. Eldeeb made his rounds . . . ." App. at 591.

The temporal proximity of a few days between Eldeeb's complaint about Adamek and the facility manager's complaint about Eldeeb, which brought about Eldeeb's

---

[3] AlliedBarton correctly notes that Eldeeb's brief does not comply with Federal Rules of Appellate Procedure 28(a)(7) and 28 (a)(9), which require appropriate references to the record.

[4] We note that "[m]emoranda of law in the district court should not be included in the appendix unless they have independent relevance." Fed. R. App. P. 30(a)(2).

transfer, requires closer scrutiny. The District Court held that "[w]hile the amount of time between Mr. Eldeeb's complaint and his removal from the IMS facility is noted by the Court, it is simply not suggestive enough to infer a causal connection." App. at 18. We agree. AlliedBarton offered Eldeeb multiple positions after his complaint and offered to pay Eldeeb more than he was earning at IMS, all the while accommodating Eldeeb's scheduling request.[5] Eldeeb did not bother to respond. Moreover, Eldeeb does not dispute that AlliedBarton removed him from the IMS facility because the facility manager from C.B. Richard Ellis, Inc., requested it.[6] Eldeeb points to no evidence that AlliedBarton did so because of his religion, his national origin, or his earlier complaint.

For the reasons above, we will affirm the District Court's grant of summary judgment for the defendants.

---

[5] Eldeeb argues, without citation to the record, that the offer "apparently was in response to [his] filing of a discrimination / retaliation complaint . . . ." Appellant's Br. at 35. However, the record reflects that the AlliedBarton manager who offered Eldeeb the positions did not find out about the discrimination charge until "sometime in September of '04," App. at 660, after he had extended the offers to Eldeeb.

[6] Eldeeb sued the facility manager in a separate action, which the parties settled. *See Eldeeb v. CB Richard Ellis, Inc.*, No. 2:05-cv-03839 (E.D. Pa. July 20, 2006) (order dismissing case due to settlement).